UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KARMA SIEWHARACK, on behalf of herself
and all other similarly situated employees,

                              Plaintiff(s),                    **ORDER**
                                                               CV 11-3603 (WFK)(ARL)

            -against-

QUEENS LONG ISLAND MEDICAL
GROUP, P.C.,

                              Defendant.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the court is the defendant's letter motion dated March 13, 2012 seeking to compel the plaintiff to provide more complete responses to Defendant's Interrogatories 3, 4, 7 and Document Requests 8, 27, 30, 33, dated December 6, 2011. Plaintiff opposes the application. For the reasons set forth below, the defendant's motion is granted, in part.

       By way of background, plaintiff, Karma Siewharack, ("Siewharack" or "plaintiff"), commenced this action on behalf of herself and all other similarly situated clerks employed by defendant Queens Long Island Medical Group, P.C. ("QLIMG" or "defendant") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York's Labor Law, and the regulations promulgated thereunder, 12 N.Y.C.R.R. §§ 142-2.1 and 142-2.2. Plaintiff alleges that she and other similarly situated former and current employees were not compensated for: (i) all work performed while clocked in; (ii) all work performed while off-the-clock; and (iii) time worked over forty hours per week at overtime rates; and that defendant failed to record, report and/or preserve records of hours worked by employees. Defendant denies the allegations and contends that plaintiff is not similarly situated to the other clerks nor is a suitable class representative for purposes of Rule 23 class certification.

       Defendant's motion to compel plaintiff to provide supplemental information pertaining to the identity of her current employer and the terms and conditions of her current employment (Interrogatory No. 3 and Document Request No. 27) is denied as moot. Plaintiff represents in her letter response dated March 16, 2012 that she has not been employed since she left QLIMG in September 2010, and therefore there is no further information responsive to these requests. Defendant also seeks information concerning plaintiff's current financial status (Interrogatory No. 4 and Document Request Nos. 8, 30, 33) to determine whether she can bear the costs of class representation in this action. Inasmuch as plaintiff has not yet sought conditional certification of the class in this case, defendant's motion is denied as premature. Finally, defendant moves to compel plaintiff to supplement her response to Interrogatory No. 7, viz. to state with specificity, "(1) the hours [she] claim[s] to have worked each week during [her] employment; (2) the amount

of money [she] claims [she was] paid on a weekly basis; and (3) the amount of money [she] claims [she was] not paid, on a weekly basis." Plaintiff opposes this request as overbroad and states that she responded to the best of her ability, to wit, she produced the time records in her possession; indicated how many hours she worked in a sample time period and estimated the amount of uncompensated time during that period. "In responding to interrogatories, however, a party is under a duty to make a reasonable inquiry concerning the information sought in interrogatories, and a party's failure to describe his [or her] efforts to obtain the information sought by plaintiffs renders his [or her] responses insufficient." *Zanowic v. Reno*, No. 97 Civ. 5292 (JGK)(HBP), 2000 WL 1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000) (citations omitted). Therefore, "in providing supplemental responses to the interrogatories, plaintiff must either provide the information sought or describe [her] efforts to obtain the information." *Id.* A review of plaintiff's response to Interrogatory No. 7 indicates that while she produced a response to the first prong of the interrogatory, there was no response to the second or third prong. Accordingly, plaintiff is directed to either supplement her response to Interrogatory No. 7 or describe what efforts she made to obtain the information. As was offered by plaintiff's counsel at the March 8, 2012 telephone conference before the undersigned, defendant may depose plaintiff with respect to this interrogatory.

Dated:  Central Islip, New York　　　　　　　**SO ORDERED:**
　　　　March 22, 2012

　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　ARLENE ROSARIO LINDSAY
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge