# BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

P.O. Box 1980 • Morristown, NJ 07962

Hand Delivery:

325 Columbia Turnpike • Suite 301 • Florham Park, NJ 07932

973.514.1200 • fax 973.514.1660

www.bressler.com

Jed L. Marcus
Mmber

direct:  973-966-9678
jmarcus@bressler.com

October 22, 2012

**By ECF Only**

**COURTESY COPY TO COURT**

Honorable Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

> Re:   **Siewharack v. Queens Long Island Medical Group, P.C.**
> **Civil Action No. 11-cv-3603**

Dear Judge Lindsay:

This firm represents Defendant Queens Long Island Medical Group, P.C. ("QLIMG") in the above-referenced matter, which opposes Plaintiff's motion for expedited discovery and in support of QLIMG's request for an extension of discovery. Plaintiff, after consultation with us, refused to consent to our request for an extension of discovery.

On October 18, 2012, Plaintiff served QLIMG with a voluminous Third Demand for Documents, demanding an expedited fifteen (15) day response time while simultaneously filing her motion without conferring with QLIMG's counsel. Plaintiff's motion should be denied. *First*, expedited discovery as to QLIMG's corporate condition is completely premature and irrelevant. *See CSC Consulting, Inc. v. Aluminum.com, Inc.*, 2001 U.S. Dist. LEXIS 6686, *3-4 (S.D.N.Y. 2001) (merger discussions are not discoverable). *Second*, Plaintiff has not set forth any support for this allegation or identify the source of such information other than vague allegations. In fact, any information Plaintiff thinks she has was derived from confidential mediation sessions, which Plaintiff has either mischaracterized or misunderstood. *Third*, Plaintiff is not entitled to such discovery before conditional certification. "During the pre-certification stage of a collective action under the FLSA, discovery is limited to issues of certification." *Charles v. Nationwide Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 143487, 9 (E.D.N.Y. 2010).

QLIMG's request for a discovery extension should be granted. Plaintiff refuses to identify individuals that she believes are similarly-situated, other than seven (7) individuals all from Jamaica Estates. (*See* Plaintiff's Second Request for Production of Documents, redacted to protect the privacy of non-parties, attached as Exhibit 1.)  When we demanded that Plaintiff identify them, she refused until, on October 17, 2012, her counsel simply produced a list

BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

October 22, 2012
Page 2

containing the names 595 union members obtained from Local 1199. (*See* Plaintiff's redacted Supplemental Responses to Defendant's Interrogatories attached as <u>Exhibit 2</u>.) Yet, as late as October 12, 2012, Mr. Shalov told me that he has no statements, certified or otherwise. This list is nonsense; it is a bad faith response to our reasonable demands and Plaintiff's obligations under the FLSA. Plaintiff has also failed to identify any policy, plan or procedure by QLIMG in support of her claims or established that she was not paid for time actually worked. At most, Plaintiff has a single individual claim; hardly enough to concern this Court with allegations that QLIMG will be unable to satisfy a judgment.[1]

QLIMG has previously consented to Plaintiff's numerous requests to extend discovery until October 5, 2012 and December 5, 2012. It agreed to these extensions, anticipating Plaintiff's motion for conditional certification, which Plaintiff never filed. Instead, Plaintiff has purposefully delayed filing for FLSA conditional certification or New York Rule 23 class certification for over one year in an attempt to "wait out" the clock. Plaintiff has also informed us that she plans to file for conditional certification on or before the dispositive motion deadline of December 19, 2012. Mr. Shalov admitted to this office that denying QLIMG the opportunity to conduct class discovery and file its motion for decertification was his strategy all along. Of course, the only deadline left is that for dispositive motions, which a motion for initial collective action certification surely is not. *Gortat v. Capala Bros.*, 2010 U.S. Dist. LEXIS 35451, *27 (E.D.N.Y. 2010)("A motion to authorize a collective action is [] a non-dispositive action.").

The Court should not reward Plaintiff's dilatory tactics. The deadline to amend the pleadings to add additional parties expired on April 4, 2012. Plaintiff's pattern of delay in pursuing conditional certification has delayed the notice period, the identification of opt-in plaintiffs and class discovery. *See Gortat,* 2010 U.S. Dist. LEXIS 35451, *32 (quoting *Valcho v. Dallas County Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008) ("[T]he court reexamines the class after notice, time for opting in, *and discovery has taken place*.") (emphasis added); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008) ("After discovery, a second inquiry begins, generally precipitated by a defendant's motion for decertification, in which the court examines with a greater degree of scrutiny whether the members of the plaintiff class -- including those who have opted in -- are similarly situated."). Because of Plaintiff's delaying tactics, QLIMG has only had the opportunity to conduct discovery as to the named plaintiff despite the December 5, 2012 deadline for discovery quickly approaching. As such, Plaintiff's argument that QLIMG had an opportunity to conduct class discovery is a fabrication.

---

[1] At the outset of this case, QLIMG asserted that this litigation was subject to a collective bargaining agreement and thus Plaintiff was required to submit her claims to arbitration. Plaintiff therefore agreed to limit her claims to that of overtime for hours worked in excess of forty (40) and filed an Amended Complaint. ( a copy of Mr. Ginsberg's letter is attached as <u>Exhibit 3</u>.) However, QLIMG has now been put on notice of Plaintiff's new allegations involving lunch breaks and unpaid compensation. Given the substantive change and divergence from the original allegations in the Complaint, QLIMG has placed Plaintiff on notice that it will file a motion to dismiss and compel arbitration absent withdrawal.

BRESSLER, AMERY & ROSS
A PROFESSIONAL CORPORATION

October 22, 2012
Page 3

Plaintiff should be barred from filing for conditional certification and proceed on an individual basis. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (refusing to find good cause where party received notice long in advance of the deadline that the complaint did not name all necessary parties); *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. N.Y. 2009) (affirming denial of leave to amend outside a scheduling order deadline because plaintiff could not show diligence when he failed to raise the relevant facts in any prior pleadings or motion practice).

Should this Court allow Plaintiff to file a motion for preliminary certification well outside the Scheduling Order deadline of April 4, 2012, however, QLIMG cannot reasonably meet the December 5, 2012 discovery deadline for the purposes of class discovery. Indeed, Defendant will not even know whether this case will proceed on a class-wide basis before December 5, 2012 as Plaintiff has refused to file a motion for preliminary certification. This situation clearly establishes "good cause" to extend discovery consistent with *Fed. R. Civ. P.* 16(b)(4). *See Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010)("To satisfy the good cause standard 'the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met.' "). QLIMG has invited Plaintiff to file a motion for conditional certification several times, but Plaintiff's refusal to do so for tactical reasons has necessitated QLIMG to request this extension.

If the discovery deadline expired before potential opt-in Plaintiffs were even identified – let alone whether they opted-in after notice – QLIMG would be highly prejudiced. QLIMG must have the opportunity to analyze the merits of opt-in Plaintiffs' allegations and determine whether they are similarly situated. Indeed, the Court has a similar obligation in the second stage of the collective action certification process. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010 ("At the second stage, the district court will, on a fuller record, determine whether a so-called "collective action" may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. The action may be "de-certified" if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice."). Without class discovery, the Court would be unable to perform this second stage analysis.

Based upon the foregoing, should Plaintiff ever file – and have granted – a motion for conditional certification, QLIMG requests additional time to conduct class discovery from the time plaintiffs' opt-in period closes. Although discovery could be shorter, QLIMG does not yet know the size of the potential class. Accordingly, QLIMG has attached a proposed Scheduling Order for the Court's consideration, which specifically sets forth deadlines to ensure that this matter proceeds in a fair and just manner.

Respectfully submitted,

Jed L. Marcus

pc:    Lee S. Shalov, Esq. (by ECF)

1672497_1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
KARMA SIEWHARACK on behalf of herself    :
and all other similarly situated employees,    :
                                                          :   Civil Action No. 11-cv-3603 (WFK)(ARL)
                    Plaintiff,                    :
                                                          :
            v.                                         :
                                                          :
QUEENS LONG ISLAND MEDICAL       :
GROUP, P.C.,                                      :
                                                          :
                    Defendant.                  :
---------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

The Scheduling Order in this action dated September 11, 2012 is hereby amended as follows:

**December 18, 2012:**     Deadline for Plaintiff to file a motion for initial certification. Defendant shall have forty-five (45) days from the date Plaintiff files her motion to file its opposition.

**October 4, 2013:**     Deadline to conduct class discovery.

**November 4, 2013:**     Deadline to file motion for decertification.

**December 4, 2013:**     Deadline to file final motion for certification.

**February 1, 2014:**     Final conference before the undersigned at **11:30 a.m.**  Meaningful settlement discussions will occur at the conference.  Clients or other persons with full settlement authority must be available by telephone.  Parties are to electronically file a joint proposed pretrial order in compliance with the district judge's individual rules, signed by counsel for each party, prior to the conference.

Dated: Central Islip, New York          **SO ORDERED:**
            _____, 2012     _____
                                                                ARLENE ROSARIO LINDSAY
                                                                United States Magistrate Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KARMA SIEWHARACK, on behalf of herself and all
others similarly situated,

                Plaintiff,

      v.

QUEENS LONG ISLAND MEDICAL GROUP P.C.

                Defendant.

Index No. 2:11-cv-03603-LDW-ARL

## PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 of the United States District Court for the Southern and Eastern Districts of New York, the above named Plaintiff hereby requests Defendant QLIMG to produce the documents requested herein for inspection and copying no later than thirty (30) days from the date of service hereof, at the offices of McLaughlin & Stern, LLP, 260 Madison Ave., New York, NY 10016, segregated to reflect the request pursuant to which the documents are being produced, and in accordance with the following definitions and instructions.

### INSTRUCTIONS

    1.    If any document otherwise required to be produced in response to these interrogatories is withheld from production, the defendant shall, nevertheless, identify each such document stating as to each (i) the type of document; (ii) general subject matter; (iii) date of the document; (vi) author(s), addresses(s), and recipient(s), and if different, its signatory or signatories and the date and place of its preparation; and, (v) the specific basis upon which the document is withheld, including but not limited to whether the attorney-client privilege is claimed.

    2.    This request is continuing in nature and requires further and supplemental production if additional information or documents responsive hereto are discovered between the time of the initial production hereunder and the time of hearing and trial of this action.

    3.    If you object to any question or request or part of an item or category, the objection and part objected to shall be specified in accord with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District



Court for the Southern and Eastern Districts of New York, and within the time limits set forth in those Rules.

## DOCUMENT REQUESTS

1. From July 20, 2004 to the present, the pay statements and timecard records and/or reports for the following current or former employees of Defendant: (A) ████████ ████; (B) ████████████ (C) ███████████; (D) ███████████; (E) ███████████; (F) ███████ ███, and (G) ██████████.

Dated: April 25, 2012
        New York, New York

*[signature]*

Lee S. Shalov, Esq. (LS-7118)
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
212-448-1100

Louis Ginsberg, Esq. (LG-1048)
Matthew Cohen, Esq. (MC-2595)
LAW FIRM OF LOUIS GINSBERG, P.C.
1613 Northern Blvd.
Roslyn, New York 11576
Telephone: (516) 625-0105 X.13
lg@louisginsberglawoffices.com

*Attorneys for Plaintiff, the FLSA Collective Class, and the New York Class*

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KARMA SIEWHARACK, on behalf of herself and all
others similarly situated,

                       Plaintiff,

      v.

QUEENS LONG ISLAND MEDICAL GROUP, P.C.

                     Defendant.

Index No. 2:11-cv-03603-WFK-ARL

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO
## DEFENDANT'S INTERROGATORIES

     6.     Please identify every former or current employee of QLIMC that you claim are "similarly situated" as described in your complaint [sic].

     Plaintiff objects to this request because it seeks attorney work product, is over-broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving such objections, some of the former or current employees of Queens Long Island Medical Group, P.C. that are "similarly situated" to Plaintiff are identified in Exhibit A attached hereto.

Dated: October 17, 2012
       New York, New York

                                      Lee S. Shalov, Esq. (LS-7118)
                                      McLAUGHLIN & STERN, LLP
                                      260 Madison Avenue
                                      New York, NY 10016
                                      212-448-1100

                                      Louis Ginsberg, Esq. (LG-1048)
                                      Matthew Cohen, Esq. (MC-2595)
                                      LAW FIRM OF LOUIS GINSBERG, P.C.
                                      1613 Northern Blvd.
                                      Roslyn, New York 11576
                                      Telephone: (516) 625-0105 X.13
                                      lg@louisginsberglawoffices.com

                                      *Attorneys for Plaintiff, the FLSA Collective Class, and the New York Class*



| | LASTNAME | FIRSTNAME | STREETLINE | STREETLINE | CITY | STA | ZIPCODE | AREACODE | PHONE | JOBTITLEDESCR | HIREDATE | HRS | F/H | HOURLY | HOMEDEPARTMEN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | ███ | | | | | | | | | MED ASST | 12/1/2002 | 35 | | 17.11 | |
| 4 | ███ | | | | | | | | | TECH | 3/18/2002 | 35 | | 23.80 | |
| 5 | ███ | | | | | | | | | MED ASST | 8/1/2002 | 35 | | 17.11 | Elmhurst Family Med |
| 6 | ███ | | | | | | | | | MED ASST | 8/1/2007 | 35 | | 17.11 | Elmhurst Ped Rad |
| 7 | ███ | | | | | | | | | MED ASST | 7/1/2004 | 35 | | 17.11 | Elmhurst Ped Optom |
| 8 | ███ | | | | | | | | | MED ASST | 8/26/1995 | 35 | | 17.11 | Elmhurst Ped Pedia |
| 9 | ███ | | | | | | | | | MED ASST | 7/1/2004 | 35 | | 17.11 | Elmhurst Ped Pedia |
| 10 | ███ | | | | | | | | | MED ASST | 6/7/2004 | 35 | | 17.11 | Elmhurst Ped Optom |
| 11 | ███ | | | | | | | | | MED ASST | 9/26/2005 | 35 | | 18.18 | Elmhurst Ped Ophth |
| 12 | ███ | | | | | | | | | MED ASST | 4/25/2002 | 35 | | 17.11 | Elmhurst Ped Ophth |
| 13 | ███ | | | | | | | | | MED ASST | 4/3/1984 | 35 | | 18.11 | Elmhurst Ped Neurol |
| 14 | ███ | | | | | | | | | CLERK | 1/1/2006 | 35 | | 16.72 | Elmhurst Ped Operat |
| 15 | ███ | | | | | | | | | CLERK | 10/24/2005 | 35 | | 17.11 | Elmhurst Ped Medica |
| 16 | ███ | | | | | | | | | SWTCHBRD | 1/27/1995 | 35 | | 16.72 | Elmhurst Ped Labora |
| 17 | ███ | | | | | | | | | CLERK | 7/1/2005 | 35 | | 16.72 | Elmhurst Ped Operat |
| 18 | ███ | | | | | | | | | CLERK | 4/3/2003 | 35 | | 16.72 | Elmhurst Ped Medical |
| 19 | ███ | | | | | | | | | MAINTNCE | 10/11/1990 | 35 | | 19.30 | Elmhurst Ped Neurol |
| 20 | ███ | | | | | | | | | MED ASST | 3/7/1988 | 35 | | 17.16 | Astoria Pediatrics |
| 21 | ███ | | | | | | | | | MED ASST | 11/18/2002 | 35 | | 15.81 | Astoria Operations-C |
| 22 | ███ | | | | | | | | | IOLERK | 10/17/2005 | 35 | | 16.72 | Astoria Operations-S |
| 23 | ███ | | | | | | | | | LAB AIDE | 9/8/1992 | 35 | | 17.08 | Astoria Operations-S |
| 24 | ███ | | | | | | | | | LAB TECH | 2/26/1988 | 35 | | 18.72 | Astoria Operations-S |
| 25 | ███ | | | | | | | | | CLERK | 8/4/2003 | 35 | | 16.72 | Astoria Operations-S |
| 26 | ███ | | | | | | | | | CLERK | 2/13/2009 | 35 | | 16.72 | Astoria Operations-S |
| 27 | ███ | | | | | | | | | SWTCHBRD | 11/21/2005 | 35 | | 17.15 | Astoria Operations-S |
| 28 | ███ | | | | | | | | | CLERK | 6/11/1993 | 35 | | 16.72 | Astoria Operations-S |
| 29 | ███ | | | | | | | | | CLERK | 9/6/2005 | 35 | | 16.72 | Astoria Operations-S |
| 30 | ███ | | | | | | | | | CLERK | 1/5/2004 | 35 | | 16.72 | Astoria Medical Reco |
| 31 | ███ | | | | | | | | | CLERK | 2/7/2012 | 35 | | 17.08 | Astoria Obstetrics |
| 32 | ███ | | | | | | | | | MED ASST | 1/26/2004 | 35 | | 17.11 | Astoria Obstetrics |
| 33 | ███ | | | | | | | | | MED ASST | 6/26/1990 | 35 | | 17.08 | Astoria Medical Rec |
| 34 | ███ | | | | | | | | | CLERK | 1/29/2006 | 35 | | 16.72 | Astoria Medical Reca |
| 35 | ███ | | | | | | | | | CLERK | 6/1/2005 | 35 | | 16.72 | Astoria Medical Reca |
| 36 | ███ | | | | | | | | | CLERK | 10/19/2005 | 35 | | 16.72 | Astoria Medical Reca |
| 37 | ███ | | | | | | | | | CLERK | 10/31/2005 | 35 | | 16.3 | Astoria Laboratory |
| 38 | ███ | | | | | | | | | LAB AIDE | 6/24/1996 | 35 | | 17.28 | Astoria Gastroenterol |
| 39 | ███ | | | | | | | | | LAB TECH | 7/11/2005 | 35 | | 1.39 | Astoria Laboratory |
| 40 | ███ | | | | | | | | | MED ASST | 2/5/2007 | 35 | | 17.11 | Astoria General Surg |
| 41 | ███ | | | | | | | | | MED ASST | 12/20/2004 | 35 | | 17.08 | Astoria Obstetrics |
| 42 | ███ | | | | | | | | | CLERK | 1/26/2004 | 35 | | 17.11 | Astoria Operations-S |
| 43 | ███ | | | | | | | | | CLERK | 1/5/2004 | 35 | | 17.08 | Astoria Operations-S |
| 44 | ███ | | | | | | | | | CLERK | 8/26/2005 | 35 | | 16.72 | Astoria Operations-S |
| 45 | ███ | | | | | | | | | CLERK | 1/1/2005 | 35 | | 6.72 | Astoria Operations-S |
| 46 | ███ | | | | | | | | | CLERK | 11/21/2005 | 35 | | 16.72 | Astoria Medical Reca |
| 47 | ███ | | | | | | | | | CLERK | 4/3/2001 | 35 | | 6.72 | Astoria Family Med |
| 48 | ███ | | | | | | | | | CLERK | 1/23/2006 | 35 | | 16.72 | Astoria Medical Rec |
| 49 | ███ | | | | | | | | | VED ASST | 12/19/2006 | 35 | | 6.72 | Astoria Family Medi |
| 50 | ███ | | | | | | | | | MED ASST | 2/7/1992 | 35 | | 6.72 | Astoria Family Med |
| 51 | ███ | | | | | | | | | MED ASST | 2/26/2007 | 35 | | 10.33 | Astoria Family Medi |
| 52 | ███ | | | | | | | | | MED ASST | 2/7/2007 | 35 | | 10.72 | Astoria Family Medi |
| 53 | ███ | | | | | | | | | MED ASST | 9/27/1978 | 35 | | 11.11 | Astoria Family Medi |
| 54 | ███ | | | | | | | | | MED ASST | 2/28/2005 | 35 | | 7.16 | Astoria Dermatology |
| 55 | ███ | | | | | | | | | MED ASST | 1/24/2005 | 35 | | | |
| 56 | ███ | | | | | | | | | MED ASST | 2/1/2012 | | | | |
| 57 | ███ | | | | | | | | | | | | | | |
| 58 | ███ | | | | | | | | | | | | | | |
| 59 | ███ | | | | | | | | | | | | | | |

| | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 60 | | | | | | | | | MED ASST | 1/23/2002 | 35 | 17.11 | Elmhurst-Family Med |
| 61 | | | | | | | | | MED ASST | 3/24/2004 | 35 | 17.11 | Elmhurst-Family Med |
| 62 | | | | | | | | | MED ASST | 2/23/2001 | 35 | 17.26 | Elmhurst-Family Med |
| 63 | | | | | | | | | MED ASST | 9/22/2003 | 35 | 16.72 | Elmhurst-Family Med |
| 64 | | | | | | | | | CLERK | 12/1/2000 | 35 | 16.72 | Elmhurst-Family Med |
| 65 | | | | | | | | | MED ASST | 12/7/2004 | 35 | 17.11 | Elmhurst-Family Med |
| 66 | | | | | | | | | MED ASST | 5/12/2006 | 35 | 16.72 | Elmhurst-Family Med |
| 67 | | | | | | | | | MED ASST | 9/16/2005 | 35 | 17.11 | Elmhurst-Family Med |
| 68 | | | | | | | | | MED ASST | 9/5/1989 | 35 | 17.18 | Elmhurst-Family Med |
| 69 | | | | | | | | | MED ASST | 10/16/2000 | 35 | 17.11 | Elmhurst-Family Med |
| 70 | | | | | | | | | MED ASST | 3/20/2006 | 35 | 16.72 | Elmhurst-Family Med |
| 71 | | | | | | | | | MED ASST | 7/1/2002 | 35 | 17.11 | Elmhurst-Family Med |
| 72 | | | | | | | | | MED ASST | 7/1/2002 | 35 | 17.11 | Elmhurst-Family Med |
| 73 | | | | | | | | | MED ASST | 7/24/2000 | 35 | 17.11 | Elmhurst-Family Med |
| 74 | | | | | | | | | MED ASST | 7/22/1999 | 35 | 17.11 | Elmhurst-Family Med |
| 75 | | | | | | | | | MED ASST | 3/5/2007 | 35 | 16.72 | Elmhurst-Family Med |
| 76 | | | | | | | | | MED ASST | 10/17/2005 | 35 | 17.11 | Elmhurst-Family Med |
| 77 | | | | | | | | | MED ASST | 7/1/2002 | 35 | 17.11 | Elmhurst-Family Med |
| 78 | | | | | | | | | MED ASST | 5/22/2003 | 35 | 17.11 | Elmhurst-Family Med |
| 79 | | | | | | | | | MED ASST | 5/16/2003 | 35 | 17.11 | Elmhurst-Family Med |
| 80 | | | | | | | | | MED ASST | 12/1/1991 | 35 | 17.15 | Elmhurst-Family Med |
| 81 | | | | | | | | | MED ASST | 9/28/2005 | 35 | 17.11 | Elmhurst-Family Med |
| 82 | | | | | | | | | CLERK | 1/9/1993 | 35 | 17.08 | Elmhurst-Laboratory |
| 83 | | | | | | | | | LAB AIDE | 10/22/1993 | 35 | 17.15 | Elmhurst-Laboratory |
| 84 | | | | | | | | | LAB AIDE | 4/10/2000 | 35 | 15.39 | Elmhurst-Laboratory |
| 85 | | | | | | | | | LAB AIDE | 9/25/2006 | 35 | 15.39 | Elmhurst-Laboratory |
| 86 | | | | | | | | | CLERK | 1/14/2005 | 35 | 16.72 | Elmhurst-Medical Rec |
| 87 | | | | | | | | | CLERK | 9/26/2005 | 35 | 16.72 | Elmhurst-Medical Rec |
| 88 | | | | | | | | | CLERK | 1/16/2006 | 35 | 16.72 | Elmhurst-Medical Rec |
| 89 | | | | | | | | | CLERK | 11/8/1999 | 35 | 17.11 | Elmhurst-Medical Rec |
| 90 | | | | | | | | | CLERK | 10/17/2005 | 35 | 16.72 | Elmhurst-Operations |
| 91 | | | | | | | | | CLERK | 1/31/2000 | 35 | 16.72 | Elmhurst-Operations |
| 92 | | | | | | | | | CLERK | 7/8/1987 | 35 | 17.08 | Elmhurst-Operations |
| 93 | | | | | | | | | CLERK | 8/21/1995 | 35 | 16.81 | Elmhurst-Operations |
| 94 | | | | | | | | | CLERK | 3/8/1999 | 35 | 16.72 | Elmhurst-Operations |
| 95 | | | | | | | | | CLERK | 4/12/1999 | 35 | 16.72 | Elmhurst-Medical Rec |
| 96 | | | | | | | | | CLERK | 5/1/2000 | 35 | 16.72 | Elmhurst-Medical Rec |
| 97 | | | | | | | | | CLERK | 12/4/2006 | 35 | 16.72 | Elmhurst-Operations |
| 98 | | | | | | | | | MAINTNCE | 10/17/2005 | 35 | 15.81 | Elmhurst-Operations |
| 99 | | | | | | | | | MAINTNCE | 2/16/2006 | 35 | 15.81 | Elmhurst-Operations |
| 100 | | | | | | | | | CLERK | 3/1/2004 | 35 | 17.08 | Elmhurst-Operations |
| 101 | | | | | | | | | CLERK | 4/11/1980 | 35 | 17.08 | Elmhurst-Operations |
| 102 | | | | | | | | | CLERK | 10/1/2005 | 35 | 16.72 | Elmhurst-Operations |
| 103 | | | | | | | | | CLERK | 1/19/1996 | 35 | 16.72 | Elmhurst-Operations |
| 104 | | | | | | | | | SVC HYBRID | 2/25/2006 | 35 | 16.72 | Elmhurst-Operations |
| 105 | | | | | | | | | CLERK | 5/2/2006 | 35 | 16.72 | Elmhurst-Operations |
| 106 | | | | | | | | | CLERK | 9/18/2005 | 35 | 16.72 | Elmhurst-Operations |
| 107 | | | | | | | | | CLERK | 8/28/2006 | 35 | 16.72 | Elmhurst-Operations |
| 108 | | | | | | | | | CLERK | 3/30/1992 | 35 | 17.08 | Elmhurst-Radiology |
| 109 | | | | | | | | | CLERK | 10/31/1988 | 35 | 17.08 | Elmhurst-Radiology |
| 110 | | | | | | | | | CLERK | 1/2/1991 | 35 | 17.08 | Elmhurst-Radiology |
| 111 | | | | | | | | | MED ASST | 7/29/2001 | 35 | 16.72 | Elmhurst-Radiology |
| 112 | | | | | | | | | MED ASST | 2/6/1995 | 35 | 16.45 | Flushing Non-Family |
| 113 | | | | | | | | | MED ASST | 5/16/2005 | 35 | 16.45 | Flushing Non-Famil |
| 114 | | | | | | | | | MED ASST | 1/19/1988 | 35 | 17.61 | Flushing Non-Famil |
| 115 | | | | | | | | | MED ASST | 10/3/1994 | 35 | 16.46 | Flushing Non-Famil |
| 116 | | | | | | | | | MED ASST | 1/8/2004 | 35 | 17.61 | Flushing Non-Famil |
| 117 | | | | | | | | | MED ASST | 1/22/1992 | 35 | 18.23 | Flushing Non-Famil |
| 118 | | | | | | | | | MED ASST | 0/24/2002 | 35 | 16.40 | Flushing Non-Famil |
| | | | | | | | | | MED ASST | 4/7/2003 | 35 | 16.45 | hing Non-Famil |

1199SEIU 0506

| | J | K | L | M | N |
|---|---|---|---|---|---|
| 591 | MED ASST | 3/19/1996 | | 35 | 19.37 | Rockaway-Family Me |
| 592 | MED ASST | 8/16/2005 | | 35 | 17.11 | Rockaway-Family Me |
| 593 | MED ASST | 4/23/1990 | | 35 | 19.1 | Rockaway-Family Me |
| 594 | MED ASST | 6/23/2003 | | 35 | 18.19 | Rockaway-Family Me |
| 595 | MED ASST | 8/8/2005 | | 35 | 17.11 | Rockaway-Family Me |
| 596 | LAB AIDE | | | 35 | 15.39 | Rockaway-Laboratori |
| 597 | MAINTNCE | 2/10/1992 | | 35 | 16.28 | Rockaway/Operation |
| 598 | SWTCHBRD | 4/9/1984 | | 35 | 18.19 | Rockaway/Operation |
| 599 | CLERK | 4/8/2006 | | 35 | 16.72 | Rockaway/Operation |
| 600 | CLERK | 1/4/2006 | | 35 | 16.72 | Rockaway/Operation |
| 601 | CLERK | 10/3/2005 | | 35 | 21.43 | Rockaway/Operation |
| 602 | LPN | 1/16/1998 | | 35 | 16.72 | Rockaway/Operation |
| 603 | CLERK | 6/27/2005 | | 35 | 19.08 | Rockaway/Operation |
| 604 | CLERK | 5/8/1978 | | 35 | 16.72 | Rockaway/Operation |
| 605 | CLERK | 3/29/2006 | | 35 | 17.1 | Rockaway/Pediatrics |
| 606 | MED ASST | 5/23/1997 | | 35 | 17.1 | Valley Stream-Urgen |
| | MED ASST | 9/1/1999 | | 35 | 15.60 | Valley Stream-Urgen |
| | MED ASST | 10/7/1991 | | 35 | 17.11 | Valley Stream-Urgen |

EXHIBIT 3

09/26/2011 17:17 FAX ☑002/002

М1613 NORTHERN BOULEVARD
ROSLYN, NEW YORK 11576
(516) 625-0105 (TEL.)
(516) 625-0106 (FAX)
lg@louisginsberglawoffices.com (E-MAIL)

233 BROADWAY – SUITE 2220
NEW YORK, NEW YORK 10279
(212) 406-3630 (TEL.)
(212) 406-3574 (FAX)
lg@louisginsberglawoffices.com (E-MAIL)

PRACTICE LIMITED
TO LABOR
EMPLOYMENT LAW

Please direct all communications to our Roslyn office

# LAW FIRM OF LOUIS GINSBERG, P.C.

September 26, 2011

**VIA FAX**
Jed L. Marcus, Esq.
Bressler, Amery & Ross
P.O. Box 1980
Morristown, New Jersey 07962

Re:   Siewharack v. Queens Long Island Medical Group, PC

Dear Mr. Marcus:

We represent the Plaintiff as well as the putative collective and class members.

Pursuant to our conversation this afternoon, this is to confirm that the overtime claims in this case only seek compensation for hours worked in excess of forty(40) per week.  Please confirm that you will be withdrawing your letter to the Court requesting a pre-motion conference in order to make a Motion to Dismiss.

Plaintiff as well as the putative collective and class members expressly reserve all of their other rights and claims.

Sincerely,

Louis Ginsberg, Esq.
For the Law Firm of
Louis Ginsberg, P.C.

cc: Lee Shalov, Esq.

