UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KARMA SIEWHARACK, on behalf of herself
and all other similarly situated employees,

        Plaintiff(s),    **ORDER**
                 CV 11-3603 (WFK)(ARL)

    -against-

QUEENS LONG ISLAND MEDICAL
GROUP, P.C.,
         Defendant.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

   Before the court is the plaintiff's letter motion dated November 27, 2012, seeking an
order (1) to compel defendant to provide deposition dates for defendant QLIMG executives
Michael Horton, Tom Hanousek, Peter Wolf, Lonn McDowell, Mary Jo Zoia and Frank
Bonnano; (2) to compel these witnesses to provide testimony regarding defendant's impending
transaction with Community Care Physicians, P.C. ("CCP") or any other matters unrelated to
class certification; and (3)  to compel the defendant to produce documents responsive to
Plaintiff's Third Request for Production of Documents dated October 17, 2012 which concern an
alleged impending transaction with CCP (the "document requests").  Defendant opposes the
application by letter dated November 28, 2012.

   By way of background, plaintiff, Karma Siewharack, ("plaintiff"), commenced this action
on behalf of herself and all other similarly situated clerks employed by defendant Queens Long
Island Medical Group, P.C. ("defendant") pursuant to the Fair Labor Standards Act ("FLSA"), 29
U.S.C. §§ 201 et seq., and New York's Labor Law, the regulations promulgated thereunder, 12
N.Y.C.R.R. §§ 142-2.1 and 142-2.2, and Fed. R. Civ. P. 23 ("Rule 23").  Plaintiff alleges that she
and other similarly situated former and current employees were not compensated for: (i) all work
performed while clocked in; (ii) all work performed while off-the-clock; and (iii) time worked
over forty hours per week at overtime rates; and that defendant failed to record, report and/or
preserve records of hours worked by employees.  Defendant denies the allegations.   Plaintiff,
who has not yet sought conditional certification, contends that the requested discovery is
necessary because she believes that (i) QLIMG is planning a sale or merger transaction with CCP
by year end and is concerned that defendant is selling/transferring assets to CCP that should be
applied to pay wages that have been allegedly withheld from employees for many years; (ii)
plaintiff and other employees will be severely prejudiced in recovering the unpaid compensation
they are allegedly entitled to; and (iii) CCP may have potential liability to plaintiff and other
class members as successor-in-interest.

   A party may obtain discovery of any non-privileged matter that is relevant to a claim or

defense of any party.  Fed. R. Civ. P. 26(b)(1).  A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351(1978).  "At the same time, discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id.* Since "discovery at this stage in the litigation is limited to issues of certification under either the FLSA or Rule 23," the appropriate inquiry becomes whether the plaintiff has shown that the requested discovery concerning QLIMG's corporate structure and financial statements is relevant to certification under either mechanism.  *Cf. Charles v. Nationwide Mutual Ins. Co.*, No. 09 CV 94 (ARR)(CLP), 2010 WL 7132173, at *9 (E.D.N.Y. May 27, 2010) (denying motion to compel billing records where plaintiff failed to articulate how the requested records would aid in certification under either the FLSA or Rule 23).  Plaintiff has not established that the requested discovery is relevant to certification.  Moreover, plaintiff has not proffered any evidence that defendant plans to become judgment proof.  Finally, in a letter filed today, defendant has represented that QLIMG will continue as an operating entity after its current master service agreement with Emblem Healthcare ends on December 31, 2012, has entered into new vendor agreements, and continues to employ healthcare workers.  Accordingly, plaintiff's application to compel testimony and documents regarding QLIMG's financial and corporate status is denied. With respect to plaintiff's application to set deposition dates, defendant has represented that QLIMG will make its witnesses available for the second and third weeks of December, given the parties' mediation scheduled for today.  To permit compliance with this order, all discovery, inclusive of expert discovery is to be completed by January 4, 2013.  The deadline to commence dispositive motion practice is extended to January 18, 2013.  The final conference scheduled for January 8, 2013 is adjourned to February 1, 2013 at 11:30 a.m.


Dated:  Central Islip, New York
          November 30, 2012

                                        _____
                                                    S/
                                        ARLENE R. LINDSAY
                                        United States Magistrate Judge

2